**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JUDY NICHOLS                                                                                             PLAINTIFF

v.                                         CASE NO. 3:09CV0224 JLH

HYTROL CONVEYOR COMPANY, INC.                                                       DEFENDANT

**STIPULATION AND AGREEMENT FOR PROTECTIVE ORDER**

   Now on this 9th day of August, 2010, comes to be considered the Stipulation and Agreement for Protective Order, and the Court, being well and sufficiently advised in the premises, orders, to-wit:

   (1) Confidential Documents, as later defined herein, and obtained by Plaintiff from Hytrol Conveyor Company, Inc. ("Hytrol"), during discovery in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or distributed in any way to anyone except "Qualified Persons," as herein defined. This shall not apply to documents, otherwise designated as "Confidential," but obtained from sources other than Hytrol.

   (2) Confidential documents shall be deemed to mean any and all documents produced by Hytrol to Plaintiff that contain the private, confidential, and protected employee information of Hytrol employees, not including documents that pertain directly to Plaintiff.

   (3) Except with the prior written consent of Hytrol, or pursuant to further order of this Court, on motion with notice to Hytrol, no Confidential Documents may be disclosed to any person other than "Qualified Persons" who shall be defined to include:

   (a) All counsel of record in this action, and secretaries, paraprofessional assistants and other employees of such counsel who are actively engaged in assisting counsel in connection with this action;

   (b) Outside experts and/or consultants retained by any counsel for the purpose of assisting in the preparation of this case.

   (c) Witnesses, either by deposition or trial testimony, who may be shown such materials as are subject hereto, and questioned about the same.

   (4) This Order, insofar as it restricts the distribution, in any way, and use of Confidential Documents, shall continue to be binding through and after the conclusion of this litigation. At the conclusion of this action, including all appeals:

 (a) Counsel for Plaintiff shall take all reasonable steps necessary to reclaim all confidential documents produced by Hytrol and counsel shall return all copies of such Confidential Documents to counsel for Hytrol at the expense of Hytrol. Counsel for each party shall retain one archived set of all Confidential Documents produced by its client for a period of three (3) years following the completion of this litigation, including post-judgment motions and appeals. Counsel may destroy the archived set at the end of this three-year period without notice to the other parties or their attorneys.

 (b) Counsel and all other Qualified Persons are enjoined from distribution of any Confidential Documents obtained during the course of this proceeding and in violation of this Protective Order Pursuant to Stipulation and Agreement. Severe sanctions will attach to any person who discloses such in violation of this provision.

 (5) Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Documents" to remove such from the application of this Order pursuant to further Order of this Court.

 DATED this 9th day of August, 2010.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

**APPROVED, ACCEPTED AND AGREED:**

Lucien Gillham
HARRILL & SUTTER, P.L.L.C.
P.O. Box 2012
Benton, AR 72018

By: /s/ Lucien Gillham
      Attorneys for Plaintiff


Paul D. Waddell
M. Scott Jackson
BARRETT & DEACON, P.A.
P.O. Box 1700
Jonesboro, AR 72403

By: /s/ M. Scott Jackson
      Attorneys for Defendant