**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JUDY NICHOLS                                                                                                    PLAINTIFF

v.                                                   No. 3:09CV00224 JLH

HYTROL CONVEYOR COMPANY, INC.                                                        DEFENDANT

**OPINION AND ORDER**

The plaintiff Judy Nichols has commenced this action against Hytrol Conveyor Company, Inc., for sex discrimination and retaliation in violation of Title VII and the Arkansas Civil Rights Act ("ACRA"). On December 9, 2010, Nichols filed a motion for partial summary judgment or, alternatively, a motion in limine. First, Nichols argues that she is entitled to summary judgment on the issue of whether she exhausted her administrative remedies, as is required in a Title VII action, and on the issue of whether Hytrol has more than 500 employees, which is relevant to determine the applicable damages cap under Title VII and the ACRA. Hytrol agrees that Nichols exhausted her administrative remedies and that it has more than 500 employees, so the parties can stipulate to these facts at trial, and no ruling from the Court is needed.

Nichols also argues that any evidence suggesting that she was terminated because her position was the easiest to eliminate should be excluded from trial. During the EEOC investigation, Hytrol stated that it terminated Nichols because economic hardship forced it to reduce the size of its workforce, and Nichols was identified as the weakest performer in her department. Since the investigation, Hytrol has contended that Nichols also was terminated because her job functions could be eliminated with the least disruption to the critical business functions of her department. (*See* Br. in Resp. to S.J. Mot. at 1.) Nichols argues that this proffered justification for terminating her employment cannot be mentioned at trial since it was not included in Hytrol's report to the EEOC.

The Court disagrees. When evaluating a plaintiff's Title VII claim, a court must consider all of the employer's stated reasons for terminating the employee. *See, e.g.*, *Bernhard v. Nexstar Broad. Grp., Inc.*, 146 F. App'x 582, 584-85 (3d Cir. 2005) (considering a justification for termination that was not raised before the EEOC and was raised for the first time in a motion for summary judgment); *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 733-34 (7th Cir. 2001) (considering on summary judgment additional reasons proffered by the employer and finding no evidence of pretext where the employer "simply supplemented its explanations in the context of EEOC charges and litigation; there has been no retraction of any of its reasons for failing to promote [plaintiff] nor are any of its reasons inconsistent or conflicting"); *Keaton v. Cobb Cnty.*, 545 F. Supp. 2d 1275, 1305 (N.D. Ga. 2008) (considering an additional reason for the plaintiff's discharge that was not contained in the EEOC position statement and finding that reason consistent with the reasons previously provided). In fact, an employer's inconsistencies in its proffered justifications can constitute evidence of pretext. *Loeb v. Best Buy Co.*, 537 F.3d 867, 873 (8th Cir. 2008). Nichols, of course, can impeach Hytrol's witnesses with the statements made to the EEOC, but credibility is an issue for the finder of fact, not an issue to be decided on summary judgment. Nichols offers no case law indicating that evidence of one of Hytrol's justifications for terminating her employment is inadmissible at trial.

For these reasons, Nichols's motion for partial summary judgment or, alternatively, motion in limine is DENIED. Document #13.

IT IS SO ORDERED this 14th day of January, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE